IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 14 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

ALICIA ALEXANDER                                                                PLAINTIFF

VS                                               CAUSE NO. 3:17-cv-667 DPJ-FKB

HINDS COUNTY, MISSISSIPPI; HINDS COUNTY
SHERIFF'S DEPARTMENT; HINDS COUNTY
DEPUTY SHERIFF JANIE MYLES
AND JOHN DOES 1-10                                                              DEFENDANTS

## COMPLAINT
## TRIAL BY JURY

COMES NOW Defendant, Alicia Alexander, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

### PARTIES

1. Plaintiff Alicia Alexander is an adult resident citizen of Hinds County, Mississippi residing at 21350 Highway 27, Utica, MS 39175.

2. Defendant Hinds County, Mississippi by and through its Board of Supervisors, is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the Chancery Clerk for Hinds County, Mississippi, Eddie Jean Carr, at the Chancery Clerk's Office, 316 S. President St., Jackson, MS, 39201. The Hinds County Sheriff's Department is a political subdivision of Hinds County, Mississippi. At all times relevant Hinds County Deputies referenced herein, were employed as sworn law enforcement officers for the County, and Hinds County, Mississippi Sheriff's Department. Said Deputies, were there and then acting within the scope and authority of their employment and office.

3. Defendant Hinds County Deputy Sheriff, Janie Myles, individually, is an adult resident citizen of Hinds County, Mississippi, and at all times herein a deputy with the Hinds County Sheriff's Department, Mississippi, may be served with process personally at the Hinds County Sheriff's Department, 407 E Pascagoula St, Jackson, MS 39201.

4. Defendant Hinds County Sheriff's Department is a subdivision of Hinds County, Mississippi, and may be served with process through its duly authorized designee at the Hinds County Sheriff's Department, or 407 East Pascagoula St., Jackson, MS 39201.

5. Defendants John Does 1-10, whose identities are unknown to the Defendant at this time, are upon information and belief, deputies of the Hinds County Sheriff's Department. All allegations and claims asserted herein against the named Plaintiffs are incorporated herein by reference against John Does 1-10. Said John Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION

6. The Defendant herein invokes this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiff, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3) and §11-46-11 of the Mississippi Code Annotated 1972 as amended.

## VENUE

7.	Venue is proper in this jurisdiction and district pursuant to 28 United States Code § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

8.	Alicia was married to Tony Alexander, a deputy with the Hinds County Sheriff's office until July, 2016. They separated in November, 2014. They have three children, ages 10, 6, and 3.

9.	Tony was/is involved in a relationship with Janie Myles, a deputy with the Hinds County Sheriff's Department. The relationship dates back to the marriage of Alicia and Tony.

10.	On September 27, 2016, Tony was visiting with their children at Alicia's home in Utica, Mississippi when Alicia saw explicit text messages from Janie.

11.	The nature of the dispute between Plaintiff and Sheriff's Deputy Janie Myles was purely personal in nature as evidenced by the text messages attached as Exhibit "A". In a string of messages Defendant Miles told Plaintiff, "look you dumb slow trick I'm going to show you how to f*** somebody and make threats just be looking for a subpoena for court I'm going to show this and the other one to the judge you are one dumb ignorant b**** by the way the subpoena will be served by a police" and "u need help because if u didn u wouldn't be doing this knowing what's about to happen". Exhibit "A"

12.	Upon information and belief, Defendant Myles, at the time of the events as complained of herein, was the head of the Civil Division of the Hinds County Sheriff's Department.

13.	Deputy Myles, shortly thereafter, followed through on her threat, when on September 29, 2016 at approximately 7:30 A.M., after returning home from safely dropping her

kids off for school, Plaintiff Alicia Alexander was unlawfully handcuffed and arrested at her home in Utica by Defendant Myles and two other officers with the Hinds County Sheriff Department's Civic Division, and charged with obscene electronic communication, resisting arrest, and assault on a police officer.

14. Alicia was taken to the Hinds County Court House, where she was ordered by Defendant Myles to strip and dress in a jail jump suit and eventually taken for an initial appearance before Justice Court Judge Frank Sutton.

15. Plaintiff was held by Hinds County, Mississippi deputies against her will from approximately 7:30 am until 3:00 pm before being released by Order of the Court.

16. Judge Sutton told the officers that their papers were not in order. They left and returned, presumably, with the proper paper work.

17. Defendant Myles and Plaintiff are previous acquaintances having visited each other's homes while Plaintiff was married to her now ex-husband.

18. Despite having previously known the Plaintiff, as evidenced by the text messages attached as "Exhibit A", Defendant Deputy Myles made a sworn affidavit, attached as "Exhibit B", stating that "she (**being Plaintiff**) communicated by electronic communication (texting) without disclosing her identity and with the intent to annoy, abuse, and make threats towards Lt. Janie Myles".

19. Deputy Myles knew at the time of the signing of the affidavit for the arrest of Plaintiff, that the same was false, and that she was doing so with the authority of her office to humiliate and punish Plaintiff for the exercise of her 1st Amendment, Constitutionally protected, right to free speech.

20.     Prior to leaving the Court House, Plaintiff was asked to come to a meeting with Hinds County Sheriff Victor Mason, two deputies with internal affairs, and the Department's attorney, Claire Barker.

21.     Plaintiff was accompanied by her mother, Vicky Burns, and her sister, Vertia Burns.

22.     Sheriff Mason asked Plaintiff if she wanted him to handle the matter administratively or if she wanted to do it herself with an attorney. He reminded her that she was a licensed physical therapist, and she "would not want something like this on her record."

23.     Alicia told the Sheriff that she would have to talk to her lawyer first before responding.

24.     The detention, confining, and holding of Plaintiff against her will was a violation of statutorily – created and constitutional – protected rights, and constitutes the deprivation of Plaintiff's constitutional rights secured by the Fifth and Fourteenth Amendments to the U.S. Constitution.

25.     Defendants and other unknown Deputies with the Hinds County Sheriff's Department, at all times relevant were acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiff's federally protected rights.

26.     The Hinds County Deputies' unlawful detention and imprisonment of Plaintiff was the result of the policy, practice and custom of the Sheriff's Department of Hinds County, Mississippi.  In addition, Defendant Hinds County's Deputies' unlawful detention and imprisonment of Plaintiff was the result of the policy, practice and custom of the Sheriff Department of Hinds County, Mississippi to inadequately supervise and discipline its law enforcement officers. The inadequate supervision and discipline of law enforcement officers by

the Sheriff's Department of Hinds County, Mississippi has led to the unlawful detention and imprisonment of Plaintiff.

27. All of the charges against Plaintiff were dismissed by the Court.

28. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff has suffered physical, emotional and mental injuries, all of which entitles him to damages and relief under 42 U.S.C. § 1983.

## COUNT 1
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

29. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraph 1-27, supra. The Plaintiff makes the following allegations in Count 1 with respect to all Defendants.

30. At all times material hereto, the Defendants both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiff were violated. Specifically these Defendants., jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's:

a) right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

b) right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

c)   right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

d)   right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

e)   right to be free from cruel and unusual punishment pursuant specifically to the Eight and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

31.   The violations complained of in this Complaint for depravation of identifiable civil rights of Plaintiff Alexander, include, but are not limited to, wanton, and/or negligent unlawful detention, imprisonment, and other acts and/or omissions by these Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Plaintiff Alexander, with deliberate indifference to the immediate, grave, and serious violations of Plaintiff Alexander's rights, all of which caused or contributed to the unjustified deprivation of Plaintiff Alexander's sacred rights to liberty and freedom. Additionally, these Defendant's, both named and unnamed, failed to adequately train, or hire properly trained deputies, all of which caused or contributed to the unjustified deprivation of Plaintiff Alexander's sacred right to liberty.

### HINDS COUNTY SHERIFF'S DEPARTMENT AND HINDS COUNTY, MISSISSIPPI

32.   These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their sworn officers. This duty includes a responsibility to train, and provide

adequate funds for such training of the officers, to properly monitor them, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities.

33. Defendants Hinds County, Mississippi, and its Sheriff's Department, jointly and severally, breached each of these duties for failing to provide proper training to their officers, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise said officers. These breaches directly and proximately resulted in the harms and damages alleged herein.

34. At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of Defendant Hinds County, Mississippi, and its Sheriff Department, and their agents, representatives, and employees.

35. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff Alexander of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff Alexander experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff Alexander's constitutional rights as outlined herein.

### COUNT II
### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

36. Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraph 1-34, supra.

37. At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff Alexander, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Plaintiff Alexander's rights as outlined herein above.

38. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff Alexander of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff Alexander experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff Alexander's constitutional rights as outlined herein.

## COUNT III
### ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-37, supra.

40. The negligent actions and/or inactions of Defendants Hinds County, Hinds County Sheriff's Department, Deputy Janie Myles, and unnamed parties, during illegal denial of Alicia Alexander's civil rights caused Alicia Alexander reasonably foreseeable substantial mental anguish. As a result, Alicia Alexander should be compensated for negligent infliction of emotional distress.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983:
### UNLAWFUL DETENTION AND CONFINEMENT

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-39 supra.

41. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, at her home and thereafter in the Hinds County Justice Court House; as set forth herein, Defendants deprived Plaintiff of her right to her liberty without due process of law and the right to equal protection of the laws, and the course of justice was impeded, in violation of the Fifth and Fourteenth Amendment of the Constitution of the United States 42 U.S.C. § 1983.

## COUNT V
### STATE LAW CLAIMS

42. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-41, supra.

43. Plaintiff has complied with the requirements of §11-46-11, Mississippi Code Annotated 1972 as amended.

44. The actions and/or inactions of Defendants, and the unnamed parties, during the illegal detainment and imprisonment of Plaintiff Alexander was reckless, intentional and so outrageous to such an extreme degree that it exceeded the bounds of decency and, thus is not tolerated by a civilized community. Plaintiff Alexander suffered reasonably foreseeable damages as a result of these Defendants' conduct and should be compensated for this tort in accordance with the MTCA.

## COUNT VI
### STRICT LIABILITY

45. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-44, supra.

46.     Upon information and belief, Defendant, Deputy Sheriff Janie Myles, was the supervisor of the Hinds County Sheriff Department's Civil Division, at all times relevant to this cause of action. Defendant, Deputy Sheriff Janie Myles, used her authority as supervisor for the Civil Division, to direct Deputies under her supervision to arrest and detain Plaintiff in violation of her rights and privileges as alleged herein. For which Plaintiff is entitled to an award of damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a.     enter a judgment in favor of the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiff, pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and Mississippi Code Annotated §11-46-11, and from which the Defendants did cause the unlawful, physical pain and suffering, infliction of emotional distress, mental anguish, degradation, humiliation, and any other injury claims that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than $2,500,000.00;

b.     enter a judgment in favor of the Plaintiff and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-10, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $2,500,000.00;

c. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional distress;

d. enter a judgment against all Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

e. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 11th day of August, 2017.

ALICIA ALEXANDER, PLAINTIFF

BY: _____
BRADFORD J. BLACKMON, MSB #104848
*Attorney for Plaintiff*

OF COUNSEL:

EDWARD BLACKMON JR.,
MARCUS A. WILLIAMS
BLACKMON & BLACKMON, PLLC
ATTORNEYS AT LAW
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311