IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NOTHERN DIVISION

ALICIA ALEXANDER                                                      PLAINTIFF

V.                                    CAUSE NO.: 3:17-cv-667 DPJ-FKB

HINDS COUNTY, MISSISSIPPI; HINDS COUNTY
SHERIFF'S DEPARTMENT; HINDS COUNTY
DEPUTY SHERIFF JAMIE MYLES;
AND JOHN DOE 1-10                                          DEFENDANTS

## HINDS COUNTY, MISSISSIPPI, HINDS COUNTY SHERIFF'S DEPARTMENT AND JOHN DOES 1-10'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now Hinds County, Mississippi and Hinds County Sheriff's Department, by and through counsel, and in response to Plaintiff's Complaint, would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which any relief can be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed on the grounds of waiver, estoppel, laches, release, accord and satisfaction, expiration of the applicable statutes of limitations and/or statutes of repose, and/or his failure to meet any other and further applicable filing deadlines, *res judicata*, collateral estoppel, contributory negligence, accord and satisfaction, lack of standing, and/or release.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

The Plaintiff's Complaint fails to state facts against answering defendants which would rise to the level of a constitutional or statutory deprivation under the under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**FIFTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SIXTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by

## THE PARTIES

1. Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendants admit that Hinds County is a political subdivision of the State of Mississippi and that it can be served via the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Answering defendants admit the allegations of paragraph 3 of Plaintiff's Complaint.

4. Answering defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Answering defendants admit that this Court has jurisdiction over this matter. Answering deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7. Answering defendants admit that venue is correct in this matter. Answering defendants deny the remaining allegations of paragraph 7 of the Plaintiff's Complaint.

## FACTS

8. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 8 of Plaintiff's Complaint, and as such, deny the same.

9. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 9 of Plaintiff's Complaint, and as such, deny the same.

10. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 10 of Plaintiff's Complaint, and as such, deny the same.

11. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint, and as such, deny the same

12. Answering defendants admit that at all time pertinent to Plaintiff's Complaint, Myles was employed by Hinds County, Mississippi. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendants deny the allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint, and as such, deny the same

18. Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint, and as such, deny the same

21. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 21 of Plaintiff's Complaint, and as such, deny the same

22. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 22 of Plaintiff's Complaint, and as such, deny the same

23. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 23 of Plaintiff's Complaint, and as such, deny the same

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendants deny the allegations of paragraph 27 of Plaintiff's Complaint.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

## COUNT 1
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

29. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-28 as if the same were specifically set out herein.

30. Answering defendants deny the allegations of paragraph 30 and its subparts of Plaintiff's Complaint.

31. Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

### HINDS COUNTY SHERIFF'S DEPARTMENT
### AND HINDS COUNTY, MISSISSIPPI

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

**COUNT II**
**ACTION FOR CONSPIRACY TO INTERFERE**
**WITH CIVIL RIGHTS (42 U.S.C. § 1985)**

36. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-35 as if the same were specifically set out herein.

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

**COUNT III**
**ACTION FOR NEGLIGENT INFLICTION**
**OF EMOTIONAL DISTRESS**

39. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-38 as if the same were specifically set out herein.

40. Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

## COUNT IV

## VIOLATION OF 42 U.S.C. § 1983:
## UNLAWFUL DETENTION AND CONFINEMENT

40. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-40 as if the same were specifically set out herein.

41. Answering defendants deny the allegations of paragraph 41 of Plaintiff's Complaint.

## COUNT V
## STATE LAW CLAIMS

42. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-41 as if the same were specifically set out herein.

43. Answering defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

## COUNT VI
## STRICT LIABILITY

45. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-44 as if the same were specifically set out herein.

46. Answering defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

As for the last unnumbered paragraph which commences "WHEREFORE, PREMISES CONSIDERED…," answering defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any recovery whatsoever.

**EIGHTH DEFENSE**

To the extent applicable, answering defendants would assert that Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

**NINTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity, for which good cause may exist.

**TENTH DEFENSE**

Answering defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**ELEVENTH DEFENSE**

At all times, answering defendants were acting within the scope and course of their employment and, therefore, cannot be held liable in their individual capacities

insofar as any state claims are concerned.

**TWELTH DEFENSE**

Answering defendants were at all times acting in the official scope of their duties and, at all times material to the allegations of the Complaint, their actions were in good faith, without malice and within the scope and course of their employment.

**THIRTEENTH DEFENSE**

To the extent applicable, answering defendants would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**FOURTEENTH DEFENSE**

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

### **FIFTEENTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

### **SIXTEENTH DEFENSE**

Any allegation contained in the Complaint which is not specifically admitted, is hereby denied.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed and that they be discharged with costs assessed against the Plaintiff.

**DATE:** **September 19, 2017.**

                Respectfully submitted,

                **HINDS COUNTY, MISSISPPI, HINDS COUNTY SHERIFF'S DEPARTMENT**

              BY: /s/ William R. Allen
                 One of Their Attorneys

WILLIAM R. ALLEN (MSB # 100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, Hinds County, Mississippi and the Hinds County Sheriff's Department, hereby certify that I have electronically filed the foregoing Answer with the Clerk of Court using the MEC system which gave notice to the following:

> Bradford J. Blackmon
> Edward Blackmon, Jr.
> Marcus A. Williams
> Attorneys at Law
> 907 West Peace Street
> Post Office Drawer 105
> Canton, Mississippi 39046

This the 19th day of September, 2017.

/s/ William R. Allen
OF COUNSEL