IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALICIA ALEXANDER                                                    PLAINTIFF

v.                                              Cause No.3:17-CV-667-OPJ-FKB

HINDS COUNTY, MISSISSIPPI;
HINDS COUNTY SHERIFF'S DEPARTMENT;
HINDS COUNTY DEPUTY SHERIFF
JANIE MYLES, AND JOHN DOES 1-10                      DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

**DEFENDANT HINDS COUNTY DEPUTY SHERIFF JANIE MYLES,** by counsel, respectfully submits her answer and affirmative defenses to Plaintiff's Complaint, to-wit:

### First Affirmative Defense

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to this Defendant for which relief may be granted, including, but not limited to, the defense of qualified immunity. Plaintiff's Complaint should accordingly be dismissed.

### Second Affirmative Defense

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) & (n) (Supp. 1997), which preclude any tort claim by an inmate

under state law against a governmental entity or any employee thereof acting within the course and scope of their employment. Precedent from this Court warrants application of the inmate exemption to an inmate claim filed in federal court. ***Phillips v. Monroe County,*** 143 F. Supp. 2d 663 (N.D. Miss., 2001). Moreover, the Complaint and the relief sought therein are barred under the notice provisions of the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann*. §11-46-11 (Supp. 2000). Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. Proc.* 12(b)(6). Alternatively, Plaintiff's dismissal for procedural reasons does nothing to negate the fact that probable cause existed for her arrest. Defendant prays for an early determination of this issue in the interest of judicial economy.

### Third Affirmative Defense

With respect to Plaintiff's state law claims, Defendant claims the protection of the statutory exemptions from liability found in *Miss. Code Ann*. §11-46-9 (1999). Alternatively, Defendant claims the protection of governmental immunity and/or sovereign immunity.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's failure to allege violation of any duty by Defendant bars this cause of action.

### Sixth Affirmative Defense

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff

which was caused by the Defendant. *Mendoza v. Lynaugh,* 989 F.2d 191(5th Cir. 1993), *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed. 2d 811 (1990).

**Seventh Affirmative Defense**

Without waiving any of the defenses asserted herein, this Defendant asserts the protections of the Mississippi Apportionment Statute, *Miss. Code Ann*. §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than this Defendant or as a result of her own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

**Eighth Affirmative Defense**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**Ninth Affirmative Defense**

The criminal conduct of Plaintiff constituted the sole proximate cause of any injuries she allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to this Defendant, and therefore, Plaintiff's claim as to this Defendant should be dismissed.

**Tenth Affirmative Defense**

At no time did any governmental actor acting on behalf of Defendant breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason

Plaintiff's claims are barred.

**Eleventh Affirmative Defense**

To the extent Plaintiff seeks individual liability against this Defendant under state law, the provisions of *Miss. Code Ann.* §§11-46-5 and §11-46-7 (1999), are hereby invoked prohibiting individual liability under the provisions of the Mississippi Tort Claims Act. To the extent Plaintiff seeks individual liability against any of the Defendants under state law outside the scope of her employment Mississippi Tort Claims Act, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, are barred by laches, waiver and estoppel. Accordingly, the Defendant moves for a dismissal of any claims alleging individual liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

**Twelfth Affirmative Defense**

Defendant invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

**Thirteenth Affirmative Defense**

Defendant is not responsible for any condition of Plaintiff that pre-existed the events which made the basis of this Complaint.

**Fourteenth Affirmative Defense**

All terms and conditions of the incarceration of the Plaintiff were rationally related to legitimate penological objectives and not vague or over broad as applied to the her. ***Turner v. Safley***, 482 U. S. 78, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987); ***Shaw v. Murphy***, 532 U. S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001).

**Fifteenth Affirmative Defense**

The injuries/damages allegedly sustained by the Plaintiff are the direct proximate result of her own conduct for which she is responsible to the exclusion of the Defendant, and, therefore, the Complaint should be dismissed.

**Sixteenth Affirmative Defense**

Defendant asserts all affirmative defenses that are or may become available or of which County Defendants may become aware (upon further investigation or discovery) under Fed. R. Civ. P.12(b).

**Seventeenth Affirmative Defense**

**AND, NOW,** having asserted her affirmative defenses to the Complaint filed herein, and without waiving any such defenses, this Defendant answers the allegations of Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. This Court has federal question jurisdiction. Plaintiff's statement of law is incorrect as the Fourth Amendment controls arrest and detention and probable cause existed for her arrest.

7. Admitted.

8. Denied.

9. Denied.

10. Denied as stated. Probable cause existed to believe Plaintiff committed a crime.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences, "WHEREFORE, PREMISES CONSIDERED, the Plaintiff, prays that upon the filing of this Complaint. . .," Defendant denies each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any relief whatsoever.

**AND NOW, HAVING FULLY ANSWERED** and asserted its Affirmative Defenses,

Defendant prays that this Court grant the following relief:

(1) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(2) Further, that in conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendant be awarded and does recover from Plaintiff all of her costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said Complaint is legally and factually unsupportable, and has been filed without substantial justification or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed. R. Civ. Proc., and alternatively, that Defendant be awarded costs and attorneys' fees pursuant to 42 U.S.C. §1988, as this Court may deem appropriate; and,

(3) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

**RESPECTFULLY SUBMITTED** this the 20th day of September, 2017.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Attorney for Defendant Hinds County
Deputy Sheriff Janie Myles

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com

# CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendant, Hinds County Deputy Sheriff Janie Myles, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer & Affirmative Defenses* to be delivered by the ECF Filing System and U.S. Mail which gave notice to the following:

>Bradford J. Blackmon, Esq.
>Marcus A. Williams, Esq.
>Blackmon & Blackmon, PLLC
>907 West Peace Street
>P.O. Drawer 105
>Canton, MS 39046
>Phone: (601) 859-1567
>Fax: (601) 859-2311
>**Attorney for Plaintiff**

**DATED** this 20th day of September, 2017.

>/s/ ***Daniel J. Griffith***
>Daniel J. Griffith