IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALICIA ALEXANDER**                                                                                **PLAINTIFF**

**V.**                                                                 **CAUSE NO.: 3:17-cv-667-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI; HINDS COUNTY
SHERIFF'S DEPARTMENT; HINDS COUNTY
DEPUTY SHERIFF JAMIE MYLES;
AND JOHN DOE 1-10**                                        **DEFENDANTS**

## HINDS COUNTY SHERIFF'S DEPARTMENT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Comes now, Hinds County Sheriff's Department ("HCSD"), by and through counsel, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully submits its Motion for Judgment on the Pleadings as follows:

1. This matter arises out of Plaintiff's arrest following the execution of two (2) valid warrants issued for Plaintiff's arrest and executed by Hinds County, Mississippi Sheriff's Deputies. *CM/ECF Doc. No. 1.* Plaintiff asserts claims against the HCSD, however, HCSD is not amenable to suit. As such, the claims made in the above-styled action against HCSD must be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.,

2. On September 29, 2017, Hinds County, Mississippi Deputies executed two (2) arrest warrants issued for Plaintiff for obscene electronic communication and assault on a law enforcement officer. *Id*. The warrants stem from incident that occurred on September 27, 2016, pertaining to a personal dispute between Plaintiff and Deputy Janie Myles. *Id*. Notably, when the deputies attempted to arrest Plaintiff, she resisted the

arrest by running from the deputies as well as kicking the deputies. As a result, Plaintiff was also charged with resisting arrest. *Id*.

3. On August 14, 2017, Plaintiff filed suit against Hinds County, Mississippi, Hinds County Sheriff's Department, and Deputy Janie Myles, alleging that her arrest and detention was in violation of her constitutional rights. *Id*. In particular, Plaintiff claims that she was unlawfully arrested, falsely imprisoned, and that Hinds County, Mississippi and HCSD failed to properly hire, supervise, and train the deputies. *Id*.

4. It is well-settled law that HCSD is not a proper defendant amenable to suit. Specifically, an entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Mississippi law dictates that Hinds County, Mississippi, is a "political subdivision" of the State of Mississippi that is amenable to suit. *See* Miss. Code Ann. § 11-46-1(1)(i). That is, Hinds County, Mississippi, is a "body politic…responsible for governmental activities…in [a] geographic area[ ] smaller than that of the state." *Id.*

5. In *Brown v Thompson*, the Mississippi Supreme Court make it abundantly clear that a "Sheriff's Department does not enjoy a separate legal existence, apart from [the] County." 927 So. 2d 733, 737 (Miss. 2006). Furthermore, Mississippi's federal courts have found time and again that "[i]t has been clear for some time that in Mississippi, a sheriff's department is not a separate legal entity which may be sued. *Harris v. Jackson Cty., Miss.*, 2015 WL 1427412, at *1 (S.D. Miss. Mar. 27, 2015); see also *Tate v. Sharp*, 2014 U.S. Dist. LEXIS 54959, at *23 (same); *Cunningham v. Hinds County Sheriff's Dep't*, 2012 U.S. Dist. LEXIS 156623, at *4 (same), *Franklin v. Hinds County Sheriff*

*Dep't*, 2012 U.S. Dist. LEXIS 116225, at *4 (same).

6. Here, Hinds County, Mississippi is a party defendant, has answered the suit, and is vigorously defending the claims asserted against it by the Plaintiff. However, HCSD must be dismissed as it is not amenable to suit.

7. Because of the simple and self-explanatory nature of this Motion, as well as because supporting authority is cited hereinabove, the movants request that they be relieved of any further obligation to submit a supporting memorandum of authorities.

WHEREFORE, PREMISES CONSIDERED, the Hinds County Sheriff's Department respectfully requests that the Court enter an Order dismissing the claims made against it, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Defendant also requests any other relief the Court deems just and proper.

**DATE:** November 3, 2017.

Respectfully submitted,

**HINDS COUNTY SHERIFF'S DEPARTMENT**

By: /s/*William R. Allen*
One of Its Attorneys

WILLIAM R. ALLEN (MSB # 100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax. 601-833-6647
wallen@aabalegal.com
kriley@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendant, Hinds County Sheriff's Department, hereby certify that I have electronically filed the foregoing Motion for Judgment on Pleadings with the Clerk of Court using the ECF system which gave notice to the following:

>Bradford J. Blackmon, Esq.
>Edward Blackmon, Jr., Esq.
>Marcus A. Williams, Esq.
>Attorneys at Law
>907 West Peace Street
>Post Office Drawer 105
>Canton, Mississippi 39046
>bjblackmon@blackmonlawfirm.com
>>*Attorneys for Plaintiff*
>
>Daniel J. Griffith, Esq.
>Mary McKay Lasker, Esq.
>P.O. Box 1209
>Cleveland, MS 38732-1209
>dgriffith@jlpalaw.com
>mlasker@jlpalaw.com
>>*Attorneys for Janie Myles*

This the 3rd day of November, 2017.

>/s/*William R. Allen*
>OF COUNSEL